IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00073-CR

 

Ex
parte Daniel Lee Ainsworth

 

 

 



From the County Court

Robertson County, Texas

Trial Court No. 03-380CR

 



DISSENTING Opinion TO ABATEMENT
ORDER



 

      I dissent.[1]  “A court of appeals must not affirm or reverse
a judgment . . . if . . . the trial court’s erroneous
action or failure or refusal to act prevents the proper presentation of a case
to the court of appeals.”  Tex. R. App.
P. 44.4(a).  Here, the case is properly presented to this Court; the
habeas court’s action is ready to be, can be, and should now be reviewed by
this Court.

      The rules simply do not give
us the authority to abate a proceeding to allow the trial court the opportunity
to change his ruling.[2]  There are no do-overs, no mulligans, for the
trial court.  Once the decision is final and has been appealed, the trial
court’s opportunity to change, as opposed to clarifying, its ruling will
properly come, if ever, only after we have remanded the proceeding for further
action by the trial court.

TOM GRAY

Chief Justice

Dissenting opinion delivered and filed April 18,
2007

Publish

[CR25]








APPENDIX

ABATEMENT ORDER

 

Daniel Ainsworth appeals from the trial
court’s action in ruling on an application for writ of habeas corpus.

            In response to an abatement
order that we issued, the trial judge has informed us that there is a conflict
in the judgment that he signed.  Although it “denied” Ainsworth’s application
for a writ, it also provided that the prior “judgment should in all things be
reversed and barred from further prosecution.”  The judge states: “it is today
the contention of this Court that this Order was improvidently granted due in
large part to the fact that at the time of the entry of the Order denying the
issuance of the writ, the trial court was unaware that the procedural rules set
forth in Art. 11.09 of the Texas Code of Criminal Procedure had not been
followed.”

            Rule of Appellate Procedure
44.4 provides that a judgment must not be affirmed or reversed nor an appeal
dismissed if the trial court’s erroneous action prevents the proper
presentation of the case to the court of appeals and the trial court can
correct its action.  Tex. R. App. P.  44.4(a). 
In such event, the court of appeals must direct the trial court to correct the
action, and then proceed as if the erroneous action had not occurred.  Id. 44.4(b).

            The trial judge says his
order was an error, and based on the conflict within the order itself, we
agree.  Thus, we abate this appeal with directions to conduct any necessary
hearings, make appropriate findings and recommendations, enter a corrected
order, and have a record of the proceedings prepared within seventy-five (75)
days after the date of this Order.

            The trial judge shall also
enter a certification of the right to appeal from the revised order.  Id. 25.2(a)(2).

The trial court clerk is ordered to
prepare a supplemental clerk’s record containing all orders and findings of
fact and conclusions of law which the trial court renders or makes and file the
supplemental clerk’s record with the Clerk of this Court within ninety (90) days
after the date of this Order.

The court reporter is ordered to
prepare and file a supplemental reporter’s record within ninety (90) days after
the date of this Order of any hearing held in response to this Order.

 

PER CURIAM

 









          [1]
The majority refused to publish its abatement order as I requested.  In order
that this dissenting opinion might be more meaningful to the public, I have
attached the text of the order as an appendix.

 





        [2] In all probability, we
will not have jurisdiction of the order that the habeas court intends to render
as a result of this abatement.  In response to our earlier abatement order to
clarify the habeas court’s ruling, that court unequivocally stated its intent
to deny relief on the merits.  Giving effect to that intent, we currently have
jurisdiction of this appeal.  Nonetheless, the basis of the present abatement
is the habeas court’s “contention” that the writ should not have been issued
because that court believes the application is procedurally defective. 
Nevertheless, the habeas court did issue the writ in response to the
application and denied relief on the merits.  There may be a conflict in the
wording of the habeas court’s order, but resolution, if any, of that conflict
is the proper subject of appellate review.